**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT LEE GRIFFIN, JR.,  :
et al.,                   :
                          :  Civil Action No. 05-171(GEB)
            Plaintiff,    :
                          :
     v.                   :
                          :  **O P I N I O N**
MERCER COUNTY SUPERIOR COURT, :
                          :
            Defendant.    :
_____:

**APPEARANCES:**

    ROBERT LEE GRIFFIN, JR. Plaintiff, pro se
    SBI # 388192B
    Prison #505751 and/or #508047
    Southern State Correctional Facility
    P.O. Box 150
    Delmont, New Jersey  08314

RECEIVED
MAY 13 2005
AT 8:30_____I.I
WILLIAM T. WALSH
CLERK

**BROWN, JR., District Judge**

    Plaintiff, Robert Lee Griffin, Jr. ("Griffin"), currently confined at the Southern State Correctional Facility in Delmont, New Jersey, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.[1]  Based on his affidavit of indigence and accompanying account statement, the Court grants Griffin's application to proceed in forma pauperis and directs the Clerk of

---

[1] About 76 plaintiffs signed the letter Complaint drafted by Griffin, but they failed to either prepay the filing fee or submit an application to proceed in forma pauperis, as directed by this Court's Order issued on March 21, 2005. Therefore, these plaintiffs shall be deemed withdrawn from the Complaint.

the Court to file the complaint without pre-payment of the filing fee. See 28 U.S.C. § 1915(a), (b).

Having reviewed the complaint to identify cognizable claims as required under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court concludes that the Complaint should be dismissed in its entirety.

## I.   BACKGROUND

Griffin brings this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that the Mercer County Superior Court imposes excessive bail on Black and Hispanic defendants. He does not indicate the type of relief he seeks. Griffin was sentenced in state court on December 10, 2004 and is currently serving his prison term at the Southern State Correctional Facility. See New Jersey Department of Corrections Offender Details at https://www6.state.nj.us/DOC_Inmate/.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[2]

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

---

[2] Plaintiff should also be aware that the PLRA requires Courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. If so, the prisoner is precluded from bringing an action in forma pauperis unless he or she is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). It appear that Griffin has filed one lawsuit which was dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Griffin v. Delehey, et al., Civil No. 05-    (GEB).

3

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

Griffin brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the

4

United States Constitution. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV. ANALYSIS

The Complaint asserts a claim against the Mercer County Superior Court with respect to the issue of denial of bail. As a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit for monetary damages under the doctrine of judicial immunity. See Mireless v. Waco, 502 U.S. 9, 9 (1991). "Judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Id., 502 U.S. at 11 (citing

Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).  The Supreme Court has made clear that

> judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.

Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); see also Pierson v. Ray, 386 U.S. 547, 554 (1967).  Thus, judicial immunity can be overcome only for actions not taken in a judicial capacity, id., or for actions taken in a complete absence of all jurisdiction. Mireless, 502 U.S. at 11-12.  Allegations that actions were undertaken with an improper motive diminishes neither their character as judicial actions nor the judge's immunity.  See Forrester v. White, 484 U.S. 219, 227 (1988).

Here, Griffin generally alleges that the court denied him bail, allegedly on grounds of racial discrimination.  Griffin does not assert that the court acted beyond the scope of its judicial authority.  Presiding over Griffin's criminal case, the court would have the judicial authority to set and rule on any applications pertaining to bail.  Thus, there is nothing to indicate that the court acted beyond the scope of its authority in ruling on Griffin's bail.  Moreover, Griffin fails to allege that the court acted in the complete absence of all jurisdiction. Therefore, the defendant court is absolutely immune for all claims asserted by Griffin in his Complaint, and the Complaint

will be dismissed in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

Finally, to the extent that Griffin is not seeking money damages, but release from jail, he must first exhaust his state court remedies by direct appeal or other available state court review, and then, if appropriate, file a federal habeas application to assert any violations of federal constitutional or statutory law. Preiser v. Rodriquez, 411 U.S. 475 (1973).[3]

## IV. CONCLUSION

For the reasons stated above, the Court will dismiss the Complaint in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim. An Order consistent with this Opinion follows.

GARRETT E. BROWN, JR.
United States District Judge

DATED: May 13, 2005

---

[3] Griffin was convicted and sentenced on December 10, 2004. Thus, if he has any claims with respect to denial of bail that would reduce his prison sentence, he would have to raise that with the sentencing court or on appeal in state court, before bringing a habeas claim in federal court.

7